In the Matter of the Claim of JANE BELLAMY, on Behalf of Herself and ROBERTA M. BELLAMY, an Infant, Respondent, against CARRIER CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision and award of Workmen's Compensation Board allowing death benefits to the widow and minor child of a deceased employee. In January, 1948, employer was installing air conditioning equipment in the Rochester Club at Rochester, New York. On the morning of January 16th, while cutting and threading pipe in his employment as a pipe fitter, deceased developed severe abdominal pains and was taken to his home. There was evidence, also, that on the preceding day he had lifted a heavy tank weighing from 100 to 150 pounds, and had felt pain thereafter. In the early afternoon of January 16th he was taken to the hospital in extreme shock. By reason of his condition no operation was attempted until near midnight of that day. The opening of his abdomen disclosed an acute intestinal obstruction with intestinal strangulation and extensive gangrene. His state was so hopeless that the incision was closed, death ensuing late in the evening of January 17th. The examination disclosed that deceased had a congenital malformation of the peritoneum, by reason of which the paraduodenal fossa had developed as a considerable sac, and into which about two thirds of the small intestine and a part of the abnormally long mesentery had herniated, becoming badly twisted and obstructed. Medical opinion was in conflict as to whether the herniation had existed for a long time previously, possibly since before birth, or had been caused by the strain of lifting the heavy tank the preceding day, and aggravated by the strain of operating the wrenches in the pipe threading work. One of the physicians, who expressed an opinion of a pre-existing herniation, found no relationship between the traumas and the death, stating the belief that the only trauma which would cause the condition found on the operation would be a blow on the abdomen transmitting direct violence to the contents of the abdomen and the hernia. The other physician, who held to the view of a pre-existing herniation, allowed for the possibilities of internal strains such as coughing, sneezing, sitting at the stool or vomiting. He conceded that some type of pulling and straining as occurred in this instance " could do what happened to this man ", but refused to express an opinion with reasonable medical certainty as to the cause of the strangulation. The family physician testified that the tank lifting resulted in the herniation and was aggravated and hastened by the straining at the wrenches on the succeeding day. Even though it could be said that the herniation preceded the events of January 15 and 16, 1948, it appears clear that some untoward incident must have precipitated the acute and fatal condition. The evidence in the record and the inferences reasonably to be drawn therefrom support the decision and award. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.